**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOSEPH VASTA,**
Plaintiff

CA 06 396 T
C.A. No.

v.

**BANC OF AMERICA INVESTMENT SERVICES, INC.**
Defendant

## COMPLAINT AND DEMAND FOR TRIAL

## INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **Joseph Vasta** (hereafter "Vasta" or "Plaintiff") against **Banc of America Investment Services, Inc.** (hereafter "Employer" or "Defendant"), in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12001 et seq.; the Age Discrimination in Employment Act, 29 U.S.C. sec. 621 et seq., and the federal Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq., in addition to other federal, state, and common law claims.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to, inter alia, §107(a) of the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §12117 (a), which incorporates by reference §§706(f)(1), as well as pursuant to pertinent provisions of the other federal statutes at issue. All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), because:

a) the alleged unlawful practices occurred and are continuing to occur within the State of Rhode Island, and in this judicial district;

b) all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business, within this judicial district; and

c) the Plaintiff would currently be employed by the Defendant at its owned and operated place(s) of business, within this judicial district, as a full-time employee, but for the Defendant's unlawful employment practices.

4. On or about February 10, 2006, Plaintiff timely filed a formal Charge of Discrimination with the State of Rhode Island Commission For Human Rights ("RCHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he had been subjected to unlawful discrimination and related retaliation on the basis of his disability status and age. (#06EAG 209-10/50 and #16JA600118).

5. In timely fashion, Plaintiff requested Right To Sue authorization from the appropriate administrative agency(ies), and has filed this action within ninety (90) days of his receipt of the appropriate notification(s), and has fulfilled all other conditions precedent to the institution of each count of this action (EXHIBIT A, B).

## PARTIES

6. The Plaintiff, Joseph Vasta, an individual, is a citizen and resident of the Town of Barrington, Rhode Island.

7. On information and belief, Banc of America Investment Services, Inc. and/or its successors or assigns, (hereinafter referred to as "Defendant" or "Employer") is a foreign corporation, authorized by appropriate state authority to conduct business in the State of Rhode Island. Upon reasonable information and belief, the Defendant owns and operates a principal place of business, located at 111 Westminster Street, Providence, RI 02903 at which location the Plaintiff was employed at all times material to this Complaint.

8. At all times material to the allegations of this Complaint, the Defendant has continuously, and does now, employ at least 100 or more employees in the State of Rhode Island and at its other locations throughout the United States.

9. At all times material to the allegations of this Complaint, the Defendant was and is an employer within the pertinent provisions of the ADA, as defined in Sec. 101(2) of the ADA, 42 USC. Sec 12111(2); and as applicable to pertinent provisions of Title VII, and any other statutes pertinent to this action. At all times material to the allegations of this Complaint, Plaintiff was protected and was qualified to assert this action, holding the status of an "individual" under the pertinent provisions defining that term, and qualifies as a person with a disability under 42 USC 12112(a), and any other statutes pertinent to this action.

10. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and §107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§701(g) and (h) of Title VII, 42 U.S.C. §2000e (g) and (h).

11. At all times material to the allegations of this Complaint, the Defendant qualified as an employer and/or has been a covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e—2000e-17 et seq., and any other state or federal statutes referenced in this Complaint, as well as under §101(2) of the ADA, 42 U.S.C. §12117(2).

12. At all times material to the allegations of this Complaint, the Plaintiff was and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a); qualifies as a person with a disability under 42 U.S.C. 12112(a).

13. The Plaintiff held the status of a person with a disability, as defined in §3(2) of the ADA, 42 U.S.C. 12102, and pursuant to pertinent state law, because he:

a. has a physical or emotional impairment that substantially limits one or more of his major life activities;

b. has a record of such an impairment; and/or

c. is and was regarded by the Defendant as having such an impairment.

14. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant, with respect to all allegations of this Complaint, and the Defendant knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

15. Plaintiff was born on May 8, 1942, and was 63 years of age at the time of the incidents at issue in this Complaint.

16. Plaintiff was employed by the Defendant since during or about June of 2005, when the Defendant acquired Quick & Reilly, the brokerage arm of Fleet Bank, his former employer.

17. Plaintiff held the position of Financial Advisor, serving bank clients in the area of investments and related matters.

18. On or about May 27, 2005, Plaintiff took a medical leave of absence, pursuant to his rights under state and federal leave statutes, due to a serious and chronic knee impairment, involving arthritis and other conditions, resulting in a total replacement of both knees.

19. On August 29, 2005, within the leave period(s) provided by the respective state and federal statutes, Plaintiff informed the Defendant that he was able and ready to return to work.

20. The Defendant took repeated actions to delay and obstruct Plaintiff's return to work, including scheduling and rescheduling a return-to-work interview with employer officials.

21. Plaintiff was finally permitted to return to work on September 19, 2005.

22. When Plaintiff returned to work, he found that he had been stripped of bank branches which he previously served (essentially eliminating his lead and referral sources); that his office location had been transferred from North Kingstown, Rhode Island to Providence, Rhode Island, essentially providing Plaintiff with a bare desk and a phone; that he was denied access to a sales assistant (provided to all other similarly situated employees); and that the Defendant took other deliberate actions to undermine Plaintiff's employment status and income potential.

23. Plaintiff was informed that his branches and referrals had been reassigned essentially because he had not returned to work, on September 1, 2006, despite the Defendant's actions which forced and were at the root of any delay in his return.

24. Plaintiff discovered that the branches and location he held prior to his leave had been reassigned to another employee who Plaintiff believes to be 49 years of age and who, to Plaintiff's knowledge, does not have the status as a qualified person with a disability.

25. On or about November 15, 2005, Plaintiff received a phone call from Defendant's manager informing him that he was being terminated.

26. At all times material to the allegations of this Complaint, Plaintiff suffered from certain medical impairments, including, but not limited to, a chronic knee impairment and resulting medical limitations. Defendant was fully apprised and informed by the Plaintiff regarding his medical impairment(s).

27. Plaintiff's medical impairment(s) substantially impacted on various of his major life activities, including, but not limited to, his ability to walk, run, exercise, as well as his ability to work.

28. Plaintiff was at all times able to perform the essential functions of his position, except for the period he was on approved medical leave, with or without reasonable accommodation.

29. The Rhode Island Department of Labor and Training held that the Plaintiff was eligible for Employment Security benefits, holding that the Plaintiff was "first removed from his protected position under the Family Medical Leave Act at the conclusion of thirteen weeks when he was not allowed to return to work and subsequently discharged for no cause."

30. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, and terminated him, as a result of his disability status, age, his medical leave status, and/or to retaliate against him for asserting his legally protected rights.

31. The wrongful actions by the Defendant and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. §12117**
**Discriminatory Terms and Conditions of Employment**
**Termination**
**Failure To Accommodate**
**Retaliation**

32. Paragraphs 1-31 above are incorporated herein by reference in their entirety.

33. At all times material to the allegations of this Complaint, Plaintiff was a qualified individual with a disability within the meaning of ADA, in that he had a physical or mental impairment that substantially limits one or more of his major life's activities, had a record of such an impairment, and/or was regarded by Defendant as having such an impairment.

34. Despite his disability or impairment, Plaintiff was able to perform the essential duties of his position, either with no need for accommodation or with reasonable accommodation.

35. The Defendant has engaged in unlawful employment practices in violation of the ADA §§ 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

36. The unlawful practices engaged in by the Defendant include, but are not limited to, Defendant's conduct in refusing to accommodate Plaintiff, forcing the Plaintiff to work under discriminatory terms and conditions of employment, retaliating against Plaintiff, and terminating the Plaintiff.

37. But for the Defendant's intent to discriminate against Plaintiff because of his status as a qualified person with a disability, Defendant would not have engaged in the conduct referenced in this Complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. SEC. 621 ET. SEQ.**

38. Paragraphs 1-31 above are incorporated herein by reference in their entirety.

39. The Defendant's conduct, as otherwise referenced in paragraphs 1-31, above, was motivated solely by an intent to discriminate against the Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. sec. 621, et seq.

40. The Defendant's conduct, as otherwise referenced in paragraphs 1-31, above, was motivated in part by an intent to discriminate against the Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. sec. 621, et seq.

41. The conduct by the Defendant referenced in paragraphs 1-31, above, represents a willful violation of section 4(a)(1) and (2) of the ADEA, 29 U.S.C. section 623 (a)(1) and (2), and other sections, by continuously maintaining age-based employment policies which have the intended objective of excluding qualified employees, including Plaintiff, from employment opportunities, solely on the basis of his age.

42. Defendant willfully engaged in a policy or practice of arbitrarily and summarily discriminating against employees in the protected age category, including Plaintiff in violation of the ADEA, 29 U.S.C. section 621 et seq.

43. The Defendant's discriminatory conduct, policies, and practices regarding workplace treatment, compensation, promotion, and retention are violative of the provisions of the ADEA, 29 U.S.C. section 621 et sec., by

a.) interfering with Plaintiff's right to avail himself to the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

b.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship t o which he was entitled;

c.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his age; and

d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his personal and professional reputation.

44. The unlawful practices engaged in by the Defendant's were motivated by impermissible and unlawful considerations concerning the Plaintiff's age. Such practices included but were not limited to, the Defendant's:

a.) subjecting the Plaintiff to discriminatory terms and conditions of employment;

b.) retaliating against the Plaintiff for asserting his rights to be free form workplace discrimination based on age; and

c.) terminating the Plaintiff.

45. But for the Defendant's intent to discriminate against the Plaintiff because of his age, the Defendant would not have denied Plaintiff employment benefits or opportunities or subjected him to discriminatory terms and conditions of employment or terminated him.

46. The Defendant's conduct has unlawfully deprived the Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well physical and emotional injury.

47. By its conduct, the Defendant has failed in its affirmative duty under the ADEA, by its failure to exercise reasonable care and diligence, to maintain a work environment free of discrimination against workers in the protected age category.

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendant, and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**FEDERAL AND STATE FAMILY AND MEDICAL LEAVE ACTS**

48. Paragraphs 1-31 above are incorporated herein by reference in their entirety.

49. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of §101(1) of the federal Family and Medical Leave Act (FMLA) and applicable sections of the Rhode Island family/medical leave statute.

50. At all times material to the allegations of this Complaint, the Plaintiff qualified as an eligible employee under §101(2) of the FMLA and applicable sections of the Rhode Island family/medical leave statute.

51. The Plaintiff was entitled to a total of 12 work weeks of medical leave under the provisions of the FMLA (13 weeks under the Rhode Island statute), or to whatever more extensive benefit was provided by Defendant.

52. Plaintiff anticipated reinstatement to the position he had vacated or to a substantially equivalent position, within his statutorily protected leave period.

53. The Defendant terminated the Plaintiff in violation of the provisions of the FMLA, Rhode Island law, and its own policies.

54. As a result of the Defendant's unlawful conduct, Plaintiff has suffered and is continuing to suffer lost wages, lost employment, and other significant damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT IV**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**REFUSAL TO ACCOMMODATE**
**TERMINATION**
**R.I.G.L. SECTION 42-112-1**

55. The allegations contained in Paragraphs 1-31 above are incorporated herein by reference in their entirety.

56. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability/medical leave status and age;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability/medical leave status and his age;

d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as harm to his personal and professional reputation.

57. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's disability/leave status or because they perceived Plaintiff to have a disability and/or because of his age. Such practices include, but are not limited to, Defendant's:

a.) subjecting plaintiff to discriminatory terms and conditions of employment because of his disability status/leave status and his age;

b.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on disability/medical leave status and his age; and

c.) terminating Plaintiff.

58. But for the Defendant's intent to discriminate against Plaintiff because of his disability/medical leave status and his age, Defendant would not have subjected him to discriminatory terms and conditions of employment, retaliated against him, or terminated his employment.

59. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's disability/medical leave status. The Defendant's conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT V**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**REFUSAL TO ACCOMODATE**
**TERMINATION**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. § 28-5-1 et seq.**

60. Paragraphs 1-31 above are herein incorporated by reference in their entirety.

61. Defendant willfully engaged in a policy or practice of discriminating against the Plaintiff because of his disability/leave status or because they considered him to have a disability or because of his age, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

62. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability/medical leave status and age;

b.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability/medical leave status and age;

d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his person and professional reputation.

63. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's disability status. Such practices include, but are not limited to, Defendant's:

a.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on disability/medical leave status and age;

b.) subjecting Plaintiff to discriminatory terms and conditions of employment; and

c.) terminating the Plaintiff.

64. But for the Defendant's intent to discriminate against Plaintiff because of his disability/medical leave status and age, Defendant would not have subjected him to discriminatory terms and conditions of employment, or terminated his employment.

65. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has cause him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT VI**
**THE RHODE ISLAND WHISTLEBLOWERS' PROTECTION ACT**
**TITLE 28**
**SECTION 28-50-1**

66. Paragraphs 1-31, above, are incorporated herein, by reference, in their entirety.

67. Defendant has discriminated and retaliated against the Plaintiff, in regard to the terms and conditions of his employment, because he asserted his rights to be free from workplace discrimination based on age and disability and because he filed a charge of discrimination with federal and state agencies.

68. Defendant's conduct is in violation of the Rhode Island Whistleblower's Protection Act, R.I.G.L. 'Section 28-50-1 et seq.

69. As a result of the Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to his career, harm to his reputation, lost wages, lost opportunities for advancement, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of age and/or disability status;

b.) an order that the Defendant make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Joseph Vasta,
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)