**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH VASTA,<br><br>Plaintiff,<br><br>v.<br><br>BANC OF AMERICA INVESTMENT SERVICES, INC.,<br>Defendant. | ) | C.A. No.: 06-396-ML-DLM |

## ANSWER

Defendant Banc of America Investment Services, Inc. ("Banc of America" or "Defendant") answers the Complaint of Joseph Vasta ("Vasta" or "Plaintiff") as follows:

### INTRODUCTORY STATEMENT/NATURE OF THE ACTION

The Plaintiff's Introductory Statement contains prefatory material to which no responsive pleading is required To the extent a response is necessary, Defendant denies the allegations set forth in the Introductory Statement.

### JURISDICTION AND VENUE

1. Plaintiff states a legal conclusion in Paragraph 1 to which no responsive pleading is required. To the extent that a response is necessary, Defendant denies the allegations set forth in Paragraph 1 of the Complaint.

2. Plaintiff states a legal conclusion in Paragraph 2 to which no responsive pleading is required. To the extent that a response is necessary, Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

3. Plaintiff states a legal conclusion in Paragraph 3 to which no responsive pleading is required. To the extent that a response is necessary, Defendant denies the allegations set forth in Paragraph 3 of the Complaint, including subparts (a), (b) and (c).

4. Defendant admits only that Plaintiff filed a charge of discrimination with Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") on or about February 10, 2006. Defendant denies the remaining allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits only that Plaintiff requested a Right to Sue letter from the RICHR and the EEOC. Defendant denies the remaining allegations set forth in Paragraph 5 of the Complaint.

**THE PARTIES**

6. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant states that Banc of America Investment Services is a Delaware Corporation with a principal place of business in North Carolina. Defendant further states that it conducts business in Rhode Island and that it or its predecessors employed Plaintiff from on or about February 17, 2004 until on or about October 15, 2005. Defendant denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. Plaintiff states a legal conclusion in Paragraph 9 to which no responsive pleading is required. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

10. Plaintiff states a legal conclusion in Paragraph 10 to which no responsive pleading is required. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Plaintiff states a legal conclusion in Paragraph 11 to which no responsive pleading is required. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Plaintiff states a legal conclusion in Paragraph 12 to which no responsive pleading is required. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Plaintiff states a legal conclusion in Paragraph 13 to which no responsive pleading is required. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

**FACTS COMMON TO ALL COUNTS**

15. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits that, at the time of his termination, Plaintiff held the title of Full Service Financial Advisor. Defendant denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Defendant admits only that on or about May 27, 2005, Plaintiff took a leave of absence. Defendant denies the remaining allegations set forth in Paragraph 18 of the complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant admits only that Plaintiff returned from his leave on September 19, 2005. Defendant denies the remaining allegations set forth in Paragraph 21 of the complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant admits the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 26 of the Complaint. Defendant denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge and information significant to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and therefore Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. § 12117**
**Discriminatory Terms and Conditions of Employment**
**Termination**
**Failure to Accommodate**
**Retaliation**

32. Defendant incorporates its responses to Paragraphs 1-31 above as though fully set forth herein.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

WHEREFORE, Defendant denies that the Plaintiff is entitled to any judgment, award, damages and any other relief, and respectfully requests that the Court dismiss Plaintiff's Complaint and award it costs, attorney's fees, disbursements and such other and further relief as the Court deems just and proper.

**COUNT II**
**AGE DISCRIMINATION IN EMPLOYMENTACT**
**29 U.S.C. SEC. 621 ET. SEQ.**

38. Defendant incorporates its responses to Paragraphs 1-37 above as though fully set forth herein.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint, including subparts (a), (b), (c) and (d).

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint, including subparts (a), (b) and (c).

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint and explicitly denies that Plaintiff is entitled to any damages in this matter.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

WHEREFORE, Defendant denies that the Plaintiff is entitled to any judgment, award, damages and any other relief, and respectfully requests that the Court dismiss Plaintiff's Complaint and award it costs, attorney's fees, disbursements and such other and further relief as the Court deems just and proper.

**COUNT III**
**FEDERAL AND STATE FAMILY AND MEDICAL LEAVE ACTS**

48. Defendant incorporates its responses to Paragraphs 1-47 above as though fully set forth herein.

49. Plaintiff states a legal conclusion in Paragraph 49 to which no responsive pleading is required.

50. Plaintiff states a legal conclusion in Paragraph 50 to which no responsive pleading is required. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant lacks knowledge and information sufficient to form a belief as to what Plaintiff may have anticipated. To the extent a further response is required, Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint and explicitly denies that Plaintiff is entitled to any damages in this matter.

WHEREFORE, Defendant denies that the Plaintiff is entitled to any judgment, award, damages and any other relief, and respectfully requests that the Court dismiss Plaintiff's Complaint and award it costs, attorney's fees, disbursements and such other and further relief as the Court deems just and proper.

**COUNT IV**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**REFUSAL TO ACCOMMODATE**
**TERMINATION**
**R.I.G.L. SECTION 42-112-1**

55. Defendant incorporates its responses to Paragraphs 1-54 above as though fully set forth herein.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint, including subparts (a), (b), (c) and (d).

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint, including subparts (a), (b) and (c).

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint and explicitly denies that Plaintiff is entitled to any damages in this matter.

WHEREFORE, Defendant denies that the Plaintiff is entitled to any judgment, award, damages and any other relief, and respectfully requests that the Court dismiss Plaintiff's Complaint and award it costs, attorney's fees, disbursements and such other and further relief as the Court deems just and proper.

**COUNT V**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**REFUSUAL TO ACCOMODATE**
**TERMINATION**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. § 28-5-1 et seq.**

60. Defendant incorporates its responses to Paragraphs 1-59 above as though fully set forth herein.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint, including subparts (a), (b), (c) and (d).

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint, including subparts (a), (b) and (c).

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of the Complaint and explicitly denies that Plaintiff is entitled to any damages in this matter.

WHEREFORE, Defendant denies that the Plaintiff is entitled to any judgment, award, damages and any other relief, and respectfully requests that the Court dismiss Plaintiff's Complaint and award it costs, attorney's fees, disbursements and such other and further relief as the Court deems just and proper.

**COUNT VI**
**THE RHODE ISLAND WHISTLE BLOWERS' PROTECTION ACT TITLE 28 SECTON 28-50-1**

66. Defendant incorporates its responses to Paragraphs 1-65 above as though fully set forth herein.

67. Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint and explicitly denies that Plaintiff is entitled to any damages in this matter.

WHEREFORE, Defendant denies that the Plaintiff is entitled to any judgment, award, damages and any other relief, and respectfully requests that the Court dismiss Plaintiff's Complaint and award it costs, attorney's fees, disbursements and such other and further relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

To the extent any of the statements listed under the "Prayer for Relief" section of the Complaint contain averments to which a response is required, Defendant denies each and every averment. Specifically, Defendant denies that Plaintiff is entitled to any damages in this case.

## AFFIRMATIVE DEFENSES

**First Defense**

Plaintiff fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff's claims are barred on the grounds that Plaintiff, by his conduct and actions, has waived any and all rights he may have had against Defendant and, therefore, Plaintiff cannot recover in this action.

**Third Defense**

Plaintiff's claims are barred because he has failed to exhaust his administrative remedies.

**Fourth Defense**

Plaintiff is barred from recovery by the doctrine of laches.

**Fifth Defense**

Plaintiff's claims for damages are barred to the extent he is unable to establish harm caused by Defendant's alleged actions.

**Sixth Defense**

Plaintiff's demand for attorneys' fees and costs should not be granted because Plaintiff cannot satisfy the requirement for awarding such damages.

**Seventh Defense**

Plaintiff has failed to mitigate his damages.

**Eighth Defense**

Plaintiff's state law claims are preempted, in whole or in part, by federal law.

**Ninth Defense**

Plaintiff cannot recover on Count III because he exceeded his family and medical leave allotment under state and/or federal law.

**Tenth Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**Eleventh Defense**

Any violation of any state or federal Act by Defendant was not willful.

**Twelfth Defense**

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

**Thirteenth Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a qualified individual with a disability under the Americans with Disabilities Act, a qualified person with a disability under the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1 *et seq.*, or otherwise entitled to relieve under such aforementioned laws and Title VII of the Civil Rights Act of 1964.

**Fourteenth Defense**

Defendant states that, even if Plaintiff is able to prove that a prohibited factor motivated Defendant's alleged employment actions, which Defendant expressly denies, the same action would have been taken even absent such motivation and, therefore, Plaintiff's claims must fail.

**Fifteenth Defense**

To the extent Plaintiff is entitled to any damages, such damages are limited by statute.

**Sixteenth Defense**

Defendant reasonably engaged in an interactive process with Plaintiff concerning his alleged impairments.

**Seventeenth Defense**

To the extent Plaintiff sought any workplace accommodations, such accommodations were not reasonable and/or would cause an undue hardship to Defendant.

**Eighteenth Defense**

Defendant states that each and every employment action taken with respect to Plaintiff was job-related and consistent with business necessity, was made in good faith and for legitimate, non-discriminatory and non-retaliatory reasons, and/or was due to a bona fide occupational qualification or need.

**Nineteenth Defense**

Defendant acted at all times in good faith and reasonably believed its actions involving the Plaintiff did not violate any State, Federal or local laws, rules, regulations and/or guidelines.

**Twentieth Defense**

Plaintiff's employment, at all times relevant to this action, was "at-will" and could be terminated by either party for any reason at any time with or without notice.

**Twenty-first Defense**

If the Plaintiff suffered injuries or damages as alleged, such injuries and damages were caused by Plaintiff, and/or individuals, and/or entities for whose conduct the Defendant was not and is not legally responsible.

**Twenty-second Defense**

Defendant states that it maintained a policy prohibiting discrimination and other unlawful conduct, and a procedure for the resolution of complaints alleging discrimination and other unlawful conduct.

**Twenty-third Defense**

Defendant states that, at all times, it acted promptly and effectively in response to any complaints asserted by Plaintiff of alleged discrimination and/or other alleged wrongful conduct.

**Twenty-fourth Defense**

Plaintiff's Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any discriminatory or unlawful conduct, and because Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**Twenty-fifth Defense**

Defendant acted without malice and/or intent to discriminate and to engage in other allegedly wrongful conduct, and, thus, Plaintiff lacks a basis for an award of punitive and other damages in this case.

**Twenty-sixth Defense**

Plaintiff's whistle blower claim is pre-empted.

Respectfully submitted,
Banc of America Investment Services, Inc.

*/s/ Mark A. Pogue*

Mark A. Pogue (#3341)
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

Dated: October 25, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25 th day of October 2006, I caused a copy of the foregoing document via electronic filing pursuant to Local Rule 5.4 to:

Stephen T. Fanning, Esquire
The Law Offices of Stephen Thomas Fanning
350 South Main Street
Providence, RI 02903

/s/Mark A. Pogue
Mark A. Pogue