**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOSEPH VASTA,**
Plaintiff

C.A. No. 06-396 ML

v.

**BANC OF AMERICA INVESTMENT SERVICES, INC.**
Defendant

# STATEMENT FOR RULE 16 CONFERENCE

## I. INTRODUCTORY STATEMENT

This action was commenced by **Joseph Vasta** (hereafter "Vasta" or "Plaintiff") against **Banc of America Investment Services, Inc.** (hereafter "Employer" or "Defendant"), in order to remedy and seek relief for the Defendant's alleged unlawful and discriminatory employment practices, based on Plaintiff's disability status, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12001 et seq.; the Age Discrimination in Employment Act, 29 U.S.C. sec. 621 et seq., and the federal Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq., in addition to other federal, state, and common law claims.

## II. FACTUAL ALLEGATIONS

The Plaintiff was born on May 8, 1942, and was 63 years of age at the time of the incidents at issue in his Complaint. The Plaintiff was employed by the Defendant since during or about June of 2005, when the Defendant acquired Quick & Reilly, the brokerage arm of Fleet Bank, his former employer. The

Plaintiff held the position of Financial Advisor, serving bank clients in the area of investments and related matters. On or about May 27, 2005, Plaintiff took a medical leave of absence, pursuant to his rights under state and federal leave statutes, due to a serious and chronic knee impairment, involving arthritis and other conditions, resulting in a total replacement of both knees. On August 29, 2005, within the leave period(s) provided by the respective state and federal statutes, Plaintiff informed the Defendant that he was able and ready to return to work. The Plaintiff alleges that the Defendant took repeated actions to delay and obstruct Plaintiff's return to work, including scheduling and rescheduling a return-to-work interview with employer officials. Plaintiff was finally permitted to return to work on September 19, 2005. Plaintiff claims that when he returned to work, he found that he had been stripped of bank branches which he previously served (essentially eliminating his lead and referral sources); that his office location had been transferred from North Kingstown, Rhode Island to Providence, Rhode Island, essentially providing Plaintiff with a bare desk and a phone; that he was denied access to a sales assistant (provided to all other similarly situated employees); and that the Defendant took other deliberate actions to undermine Plaintiff's employment status and income potential. Plaintiff was informed that his branches and referrals had been reassigned essentially because he had not returned to work, on September 1, 2006, despite the Defendant's actions which forced and were at the root of any delay in his return. Plaintiff discovered that the branches and location he held prior to his leave had been reassigned to another employee who Plaintiff believes to be 49 years of age and who, to Plaintiff's

knowledge, does not have the status as a qualified person with a disability. On or about November 15, 2005, Plaintiff received a phone call from Defendant's manager informing him that he was being terminated. At all times material to the allegations of this Complaint, Plaintiff suffered from certain medical impairments, including, but not limited to, a chronic knee impairment and resulting medical limitations. Defendant was fully apprised and informed by the Plaintiff regarding his medical impairment(s). Plaintiff's medical impairment(s) substantially impacted on various of his major life activities, including, but not limited to, his ability to walk, run, exercise, as well as his ability to work. Plaintiff was at all times able to perform the essential functions of his position, except for the period he was on approved medical leave, with or without reasonable accommodation. The Rhode Island Department of Labor and Training held that the Plaintiff was eligible for Employment Security benefits, holding that the Plaintiff was "first removed from his protected position under the Family Medical Leave Act at the conclusion of thirteen weeks when he was not allowed to return to work and subsequently discharged for no cause."

**III. TRIAL ISSUES**

No unusual trial or discovery matters are anticipated. The case presents fairly straightforward issues concerning the Plaintiff's disability status for purposes of the ADA. Evidentiary issues relative to Plaintiff's disability claim(s) should be resolved pursuant to the burden shifting analysis in **McDonnell**

**Douglas Corp. vs. Green,** 411 U.S. 792 (1973). See also **Feliciano de la Cruz vs. El Conquistador Resort and Country Club**, 218, F3d 1, 6 (1st Cir. 2000).

## IV. CASE PROCESSING MATTERS

The Parties have not engaged in settlement discussions, to date. The Plaintiff is open to any form of alternative dispute resolution.

Respectfully Submitted,
Joseph Vasta,
By His Attorney,
/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250/401-272-4520 (FAX)

Certification

I hereby certify that a true and accurate copy of the above was served by electronic mail to counsel for the Defendant, Mark A. Pogue at mpogue@eapdlaw.com , on this 4th day of December 2006.

/s/ Stephen T. Fanning