**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JOSEPH VASTA,<br><br>Plaintiff,<br><br>v.<br><br>BANC OF AMERICA INVESTMENT SERVICES, INC.,<br>Defendant. | C.A. No.: 06-396-ML-DLM |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO AMEND AND FOR LEAVE TO ASSERT COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule Cv. 15, Defendant Banc of America Investment Services, Inc. ("BAI" or "Defendant") hereby submits this memorandum in support of its Motion To Amend And For Leave To Assert Counterclaims against Plaintiff Joseph Vasta ("Vasta" or "Plaintiff").

## BACKGROUND

Vasta was hired by BAI's predecessor, Quick & Reilly, Inc. ("Quick & Reilly"), in or about February 2004 as a financial consultant. Prior to beginning work at Quick & Reilly, Vasta was given an offer letter setting forth the terms of his compensation. Specifically, Vasta was to be paid on a commission basis. In addition, he would receive a "draw" each pay period that would constitute an advance against the anticipated commissions he would earn by producing revenue. The offer letter stated that the draw was not a salary and that, after an introductory period, a deficit would begin to accrue if Vasta did not achieve commissions in excess of his

draw amount. Vasta accepted these terms by countersigning his offer letter on February 5, 2004.[1]

Starting in or around December 2004, Vasta began to accrue a deficit between his draw and his earned commissions. Vasta's deficit continued to accrue throughout 2005, as he was paid a draw, but failed to produce sufficient commissions. At the time of his separation from employment with BAI on November 15, 2005, Vasta had accumulated a deficit of $11,363.88.

Between January 31, 2006 and May 23, 2006, BAI made four written demands to Vasta for repayment of the $11,363.88 commission deficit. The parties engaged in negotiations to resolve the debt, but Vasta ultimately withdrew from such discussions. On September 1, 2006, Vasta brought the instant Complaint alleging several claims arising from his taking a leave of absence from BAI in 2005 and his separation from employment. BAI filed its Answer on October 25, 2006.

**ARGUMENT**

Fed. R. Civ. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Pursuant to this rule, leave to amend is to be granted liberally. Foman v. Davis, 371 U.S. 178, 182 (1962); Pendley v. Komori Printing Machinery Co., Ltd., CIV. A. No. 89-04200P, 1990 WL 17152, at *2-5 (D.R.I. Feb. 8, 1990) (granting leave to amend where opposing party was not prejudiced and amendment was not futile).

"In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

---

[1] The offer letter incorporated by reference the Quick & Reilly 2004 Incentive Compensation Plan for Financial Consultants, which contained specific details concerning commissions and draws. This Plan was succeeded in January 2005 by the BAI 2005 Financial Advisor Compensation Program. Both of these plans provided that subject employees are responsible for the repayment of draw deficits.

amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman 371 U.S. at 182; accord Cummins v. EG & G Sealol, Inc., 690 F. Supp. 134, 135, 139 (D.R.I. 1988) (Lagueux, J.) (granting motion to amend stating that amendment should be allowed unless it "would unduly prejudice defendant in some manner"). These principles apply equally to motions for leave to assert Counterclaims after the filing of a previous Answer. See Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc., 884 F.2d 1510, 1517-18 (1st Cir. 1989).

None of the factors delineated in Foman apply to bar BAI's Counterclaims. There has been no "undue delay" because BAI filed this Motion just weeks after its Answer and prior to the issuance of any scheduling order under Fed. R. Civ. P. 16. There has been no "bad faith or dilatory motive" on BAI's part because it is seeking to assert the Counterclaims at the early stages of the litigation, prior to the start of discovery and there is no reason why the assertion of the Counterclaims now would interfere with the disposition of the Plaintiff's claims. In addition, the prior omission of these Counterclaims is not due to BAI's "repeated failure" to include them in prior amendments, since this Motion to Amend is the first of its kind in these proceedings. Also, the assertion of these Counterclaims is not "futile" because there is no reason why this Court cannot grant relief to BAI at this time.

Perhaps most significantly, there is no way that Plaintiff is unduly prejudiced by the filing of Counterclaims at this juncture, because, as previously noted, BAI asserted essentially the same claims in demand letters dating back to January 2006. As such, Vasta was given full opportunity to respond at that time and was put on notice that BAI would make such a claim. Given the clear intent of the Rules, as illustrated in Foman and other leading cases, BAI

respectfully submits that this Court should grant leave to assert counterclaims in the form attached to BAI's Motion.

## Conclusion

For the foregoing reasons, BAI respectfully requests an Order of this Court granting leave for BAI to assert and file Counterclaims against Plaintiff in the form attached to BAI's instant Motion.

Respectfully submitted,
Banc of America Investment Services, Inc.

*_/s/ Alice A. Kokodis_*
Mark A. Pogue (#3341)
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

Alice A. Kokodis (*pro hac vice*)
Edwards Angell Palmer & Dodge, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

Dated: December 4, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of December 2006, I caused a copy of the foregoing document via electronic filing pursuant to Local Rule 5.4 to:

Stephen T. Fanning, Esquire
The Law Offices of Stephen Thomas Fanning
350 South Main Street
Providence, RI 02903

*/s/ Alice A. Kokodis*

Alice A. Kokodis