**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOSEPH VASTA,**
Plaintiff and
Counterclaim Defendant

C.A. No. 06-396-ML-DLM

v.

**BANC OF AMERICA INVESTMENT SERVICES, INC.**
Defendant and Counterclaim
Plaintiff

**PLAINTIFF AND COUNTERCLAIM DEFENDANT JOSEPH VASTA'S ANSWER TO DEFENDANT BANC OF AMERICA INVESTMENT SERVICES, INC.'S COUNTERCLAIMS**

Joseph Vasta ("Vasta"), Plaintiff in the original action and Counterclaim Defendant, hereby answers and responds to the counterclaims of Banc of America Investment Services, Inc. ("Banc"), Defendant and Counterclaim Plaintiff, as follows:

**Parties**

1. Admit.

**Facts**

2. Admit. Further answering, Vasta believes his separation occurred on or about November 15, 2005.

3. To his best current knowledge and belief, Vasta does not have a copy of the referenced document and, therefore, and been unable to review same, in order to determine its content and whether or not it bears his signature. He is, therefore, without sufficient knowledge to admit or deny the

allegations contained in this paragraph, and leaves the Banc to its proof. If any such document exists, it is presumed that it will speak for itself.

4. To his best current knowledge and belief, Vasta does not have a copy of the referenced document and, therefore, and been unable to review same. He is, therefore, without sufficient knowledge to admit or deny the allegations contained in this paragraph, and leaves the Banc to its proof.

5. To his best current knowledge and belief, Vasta does not have a copy of the referenced document and, therefore, and been unable to review same. He is, therefore, without sufficient knowledge to admit or deny the allegations contained in this paragraph, and leaves the Banc to its proof.

6. Admit, in so far as Vasta was paid a draw. Otherwise, Vasta is without sufficient information to admit or deny the remaining allegations in this paragraph, and leaves Banc to its proof.

7. Admit, in so far as Vasta's bi-weekly draw was increased to $1,000.00 on a date uncertain.

8. Vasta is without sufficient knowledge to admit or deny regarding what, if any, deficit existed between his draw and his earned commissions during the stated time period.

9. Admit.

10. Admit, in so far as financial advisors may have certain repayment obligations, under certain circumstances. With respect to the remaining allegations in this paragraph, Vasta avers that the document will speak for itself.

11. Deny. Further answering, Vasta avers that any deficit that may have accrued was inflated as a result of the Employer's calculations regarding a period of disability.

12. Admit, in that the Banc has made a number of demands/inquires relative to what it contends was Vasta's obligation relative to repayment of certain overpayments.

13. Admit, in so far as Vasta has not repaid any alleged amount regarding a commission deficit. Further answering, Vasta states that he has agreed to pay a compromised amount, to which the Banc had also agreed. The Banc subsequently reneged on this agreement. Denied to the extent that the Banc alleges that the specific amount Vasta owes, if anything, is $11,363.88.

**Counterclaim I**
**Breach of Contract**

14. Vasta realleges his responses, and incorporates same by reference, as previously set forth in paragraphs 1-13.

15. To his best good faith knowledge and belief, Vasta does not have a copy of the offer letter, and has been unable to review same, and therefore can neither admit nor deny this allegation, and leaves the Banc to its proof. Vatsa admits that elements of the 2004 and 2005 plan may require reimbursement of certain amounts under certain circumstances. Vasta avers that the referenced documents will speak for themselves.

16. Denied, in so far as Vasta has no present recollection regarding the offer letter. Admit, in so far as Vasta believes he did receive draw payments

under the'04 plan and the'05 plan. Vasta can neither admit nor deny regarding the Banc's reference to "these obligations," in that the allegation is ambiguous, unclear and lacking in specific information necessary for an informed good-faith response.

17. Denied.

18. Denied.

19. Denied.

WHEREFORE, the Plaintiff and Counterclaim Defendant requests that the Court Dismiss this Counterclaim I in its entirety, and award Vasta all available damages, including but not limited to his costs and attorneys fees, and all other just and proper relief.

**COUNTERCLAIM II**
**MONEY UNJUST ENRICHMENT**

20. Vasta realleges his responses, and incorporates same by reference, as previously set forth in paragraphs 1-19.

21. Vasta can neither admit not deny in that it is unclear what the Banc means by "benefit."

22. Vasta can neither admit not deny, in that he has no information relative to what the Banc "reasonably expected."

23. Admit.

24. Denied.

WHEREFORE, Plaintiff and Counterclaim Defendant requests that this Court dismiss this Counterclaim II in its entirety, and award Vasta all available damages, including but not limited to his costs and attorneys fees, and all other just and proper relief.

**COUNTERCLAIM III**
**MONEY HAD AND RECEIVED**

25. Vasta realleges his responses, and incorporates same by reference, as previously set forth in paragraphs 1-24.

26. Denied.

27. Denied.

28. Denied.

WHEREFORE, Plaintiff and Counterclaim Defendant requests that this Court dismiss this Counterclaim III in its entirety, and award Vasta all available damages, including but not limited to his costs and attorneys fees, and all other just and proper relief.

**Affirmative Defenses**

**First Affirmative Defense**

The issues bearing on the Banc's Counterclaims are subject to and preempted by the NASD Code of Arbitration Procedure, Rule 10101 *et seq.* , and the Banc is bound to address those claims in the arbitration procedure.

**Second Affirmative Defense**

Vasta had entered with the Banc into a settlement of all those matters now pertaining to the Banc's counterclaims, which the Banc subsequently refused to honor.

**Third Affirmative Defense**

The Banc's counterclaims, as well as its demands for reimbursement allegedly due, have been brought in an effort to retaliate against Vasta because he asserted in good faith his right to be free from unlawful discrimination, and to coerce him with respect to his exercise of those rights.

**Fourth Affirmative Defense**

The Banc's counterclaims are barred by the equitable doctrine of unclean hands.

**Fifth Affirmative Defense**

The Banc's counterclaims are barred, in whole or part, by the applicable statute(s) of limitations.

**Sixth Affirmative Defense**

Banc's demand for attorney's fees and costs should not be granted because it cannot satisfy the requirement for awarding such damages.

**Seventh Affirmative Defense**

Any agreement pertaining to Quick & Reilly regarding reimbursement, if any existed, did not apply to Banc.

**Eighth Affirmative Defense**

Vasta was unfairly and unlawfully prevented from performing the duties of his position and receiving appropriate remuneration by the misconduct of the Banc, therefore impacting any obligation he may have had relative to reimbursement.

**Ninth Affirmative Defense**

Any alleged failure on the part of Vasta to perform any duties imposed by agreement with the Banc was not intentional, but a consequence of the Banc's own misconduct.

**Tenth Affirmative Defense**

Absent any proof to the contrary, Vasta has never signed nor agreed to any documents requiring reimbursement under the circumstances alleged by the Banc.

**Eleventh Affirmative Defense**

Plaintiff fails to state a claim upon which relief can be granted.

**Twelfth Affirmative Defense**

Banc has failed to exhaust its administrative remedies.

Respectfully Submitted,
Joseph Vasta,
By His Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Certificate of Service

I hereby certify that a true copy of the above was served on counsel for the Defendant on this 19th day of January 2007, Alice A. Kokodis by electronic mail.

/s/ Stephen T. Fanning